Citation Nr: 1710349 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 10-27 390A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center 
in Wichita, Kansas


THE ISSUES

1. Entitlement to service connection for a bilateral knee disorder.

2. Entitlement to service connection for a bilateral foot disorder.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Churchwell, Associate Counsel



INTRODUCTION

The Veteran had active military service from April 1985 to September 2007.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas.

On his July 2010 VA Form 9, the Veteran requested a hearing before a Veterans Law Judge. See 38 C.F.R. § 20.704(b) (2016). However, in April 2015, the Veteran withdrew his request for a hearing. Accordingly, the Board finds that the Veteran's request for a hearing has been withdrawn. 38 C.F.R. § 20.704(d) (2016).

In December 2015, the case was remanded for additional development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In satisfaction of the Board's December 2015 remand, a VA examination on the Veteran's knees and feet was performed in February 2016. On examination, the examiner found the Veteran did not have a current diagnosis pertaining to either his bilateral feet or his bilateral knees.

However, following his VA examination, March 2016 and July 2016 medical records from Madigan Army Medical Center were received. These show that in March 2016, the Veteran was assessed as having bilateral joint effusions and mild symmetric medial compartment arthrosis in his knees. Additionally, regarding his feet, mild arthrosis was seen in the right great toe joint. A July 2016 treatment notation provided a provisional diagnosis of plantar fascial fibromatosis as well as a diagnosis of plantar fascitis.

In light of the medical diagnoses pertaining to the Veteran's bilateral knees and bilateral feet included in the claims file following his February 2016 medical examination, the Board finds an addendum medical opinion is necessary prior to adjudication. The examiner should consider these additional diagnoses and treatment records in evaluating whether there is a causal relationship between the Veteran's bilateral knees and bilateral feet disabilities and his service.

Furthermore, following the July 2016 Supplemental Statement of the Case, the Veteran submitted a statement in January 2017 requesting that VA obtain additional medical records from physical therapy appointments from Madigan Army Medical Center from July 2016 to August 2016. Such should be accomplished while the case is on remand.

Accordingly, the case is REMANDED for the following actions:

1. Obtain updated VA treatment records and private treatment records and associate the records with the claims file. In particular, records from Madigan Army Medical Center from July 2016 to August 2016 should be requested. Any negative reply should be properly included in the claims file.

2. Following the completion of the above, make arrangements for a medical addendum opinion to be obtained from, if possible, the same examiner who performed the February 2016 VA medical examination. The claims file must be provided to the examiner for review. The examiner is asked to accomplish the following:

 a. Identify/diagnose any bilateral knee and bilateral feet disabilities that presently exist or has existed during the pendency of the appeal.

 b. For each disability identified, provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the disability had onset during service, manifested within one year of separation from service, or was otherwise etiologically related to his service. 

The examiner must give consideration to the March 2016 and July 2016 treatment records from Madigan Army Medical Center.

In the event that the examiner who performed the February 2016 VA medical examination is unavailable to provide the requested addendum opinion, provide the Veteran's claims file to an appropriate examiner and request the opinion described above. 

In the event the examiner determines that the opinion cannot be provided without an examination, schedule the Veteran for an appropriate VA examination.

A complete and thorough rationale must be provided for all opinions. If the examiner cannot provide an opinion without resorting to speculation then he or she must provide a complete and thorough rationale as to why an opinion cannot be provided. 

3. Thereafter, the AOJ should re-adjudicate the claims. If any of the benefits sought on appeal are not granted in full, the AOJ must provide a supplemental statement of the case to the Veteran and his representative. An appropriate period of time should be allowed for response. The claims file should then be returned to the Board, if otherwise in order.
The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
A. ISHIZAWAR
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).